# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIUS CALVIN CHRISTOPHER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-214-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by Petitioner Julius Calvin Christopher, then a federal prisoner housed at FMC-Fort Worth, in Fort Worth, Texas. After considering the petition and relief sought by Petitioner and the applicable law, the Court concludes that the § 2241 petition must be dismissed.

## I. BACKGROUND/CLAIM FOR RELIEF

Petitioner Christopher informs that he was convicted in the United States District Court for the Southern District of Texas in case number 2:16-cr-366-01. Pet. 3, ECF No.1. A review of the records of the Southern District shows that Christopher was convicted of transportation of an undocumented alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii) and was sentenced to a term of 41 months' imprisonment. J., *United States v. Christopher*, No. 2:16-cr-366–01 (S.D. Tex. Oct. 21, 2016), ECF No. 35.[1] Christopher recently filed a letter/motion asking the convicting court to recalculate his sentence pursuant to the First Step Act of 2018, that was denied without prejudice in an order entered on March 29, 2019. Order, *United States v. Christopher*, No.

---

[1] The Court takes judicial notice of the docket and records of Christopher's criminal case. *See* FED R. EVID. 201(B)(2) and (c)(1).

2:16-cr-366–01 (S.D. Tex. March 29, 2019), ECF No. 66. At this time, the Bureau of Prisons ("BOP") shows Christopher's projected release date as unknown. See www.bop.gov/inmate locator (last visited April 18, 2019).

In the petition, Christopher alleges that he is eligible for a recalculation of the award of good time credits as a result of the First Step Act of 2018. Pet. 3, ECF No. 1. Christopher seeks an "order directing the [BOP] to immediately recalculate my Good Conduct Time (GCT) credits pursuant to the First Step Act." Pet. 7, ECF No. 1.

## II. ANALYSIS

Section 102(b)(1) of the First Step Act of 2018, Public Law No. 115–391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the prisoner's sentence imposed by the court, rather than for each year of the sentence served, effectively abrogating *Barber v. Thomas*, 560 U.S. 474, 476 (2010) (upholding the BOP's method of awarding good time credit at the end of each year the prisoner served). *See* Public Law 115-391, 132 Stat. 5194, § 102(b)(1). But the good time calculation provisions of the FSA 2018 amending § 3624(b) did not become effective when the law was signed on December 21, 2018. *See Banegas v. Wilson*, No. 4:19-CV-178-A (N.D. Tex. Mar. 26, 2019); *Roy v. Bureau of Prisons*, No. 2:19-CV-59-RMP, 2019 WL 1441622, at *1 (E.D. Wash. April 1, 2019). Rather, the good-time-credit change will not take effect until the attorney general completes the "risk and needs assessment system" required to be completed within 210 days after the December 21, 2018 enactment, as provided by §§ 101(a) and 102(b)(2) of the FSA 2018. *See Schmutzler v. Quintana*, No.5:19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019). Therefore, § 102(b)(1) will not take effect until approximately mid-July 2019. *Id.; Banegas*, No. 4:19-CV-178-A (doc. 7.)

Federal courts are limited under Article III of the Constitution to deciding "cases" and "controversies." U.S. CONST. art. III, § 2. "In order to give meaning to Article III's case-or-controversy requirement, the courts have developed justiciability doctrines, such as the standing and ripeness doctrines." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 650 (1992)). The ripeness doctrine is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003)(internal citations omitted).

Because the BOP does not presently have the authority to recalculate Christopher's good time credit until the relevant provisions of the FSA 2018 take effect in approximately mid-July 2019, the question of whether the BOP has erred in the calculation of Christopher's sentence is premature. *Accord Banegas,* No. 4:19-CV-178-A (dismissing § 2241 petition seeking recalculation of good time credits as premature); *Gossman v. Underwood*, No.3:19-CV-351-G (BK) (N.D. Tex. April 1, 2019) (adopting findings, conclusions, and recommendation to dismiss § 2241 petition seeking recalculation of good time without prejudice as premature); *Roy*, 2019 WL 1441622 at *2 (discussing "ripeness" doctrine and finding that § 2241 petition challenging good time under the FSA was premature). Accordingly, Christopher's petition under § 2241 must be dismissed without prejudice.

## III.  ORDER

For the reasons discussed herein, Petitioner Julius Calvin Christopher's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

All pending motions are **DISMISSED.**

**SO ORDERED** this **18th day** of **April, 2019.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**